**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiffs and the putative*
*FLSA Collective and Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PEDRO GUINEA CHAVEZ and MIGUEL ERNESTO GUINEA VELASQUEZ, Individually and on Behalf of All Others Similarly Situated,**<br><br>        **Plaintiffs,**<br><br>-against-<br><br>**GOOD FOOD FOR LESS, LLC d/b/a GOOD FOOD FOR LESS SUPERMARKET, FOODSAVER NEW YORK, INC. d/b/a FOODSAVER NEW YORK, ALLAN TUCKER, and ORIN ARTHUR TUCKER, Jointly and Severally,**<br><br>        **Defendants.** | **CLASS & COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

   Plaintiffs Pedro Guinea Chavez and Miguel Ernesto Guinea Velasquez (together, the "Plaintiffs"), individually and on behalf of all others similarly situated, as collective and class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

1

## INTRODUCTION

1.      For the past three decades, Defendants have owned and operated a food wholesale distribution center under the trade name "Foodsaver New York", located at 402 East 83rd Street, Brooklyn, New York 11236, and more recently – since approximately 2011 – a grocery store under the trade name "Good Food For Less Supermarket", adjacent to the wholesale distribution center and located at 412 East 83rd Street, Brooklyn, New York 11236.

2.      Plaintiffs are former grocery store employees and butchers at the Good Food For Less Supermarket, who frequently covered for absent employees at Foodsaver New York.  For their work, throughout the relevant time period, Plaintiffs were paid a flat weekly rate that did not compensate them at the minimum wage for all hours worked, did not provide them with overtime premium pay for hours worked over forty (40) each week or spread-of-hours premiums for days when they worked in excess of ten (10) hours. In addition, Defendants failed to provide Plaintiffs with wage statements or wage notices.

3.      Plaintiffs bring this action to recover unpaid minimum wage and unpaid overtime premiums owed to them pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.*  Plaintiffs also bring claims for unpaid spread-of-hours premiums and for failure to provide wage statements and wage notices pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

4.      Plaintiffs bring their FLSA claims on behalf of themselves and all other similarly situated employees who worked for Defendants and their NYLL claims on behalf of themselves and a Federal Rule of Civil Procedure 23 class of all non-management employees working at Good Food For Less Supermarket and/or Foodsaver New York during the six (6)-year period preceding the filing of this complaint.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred and Defendants' business is located in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Plaintiffs

8.      Plaintiff Miguel Ernesto Guinea Velasquez ("M. Guinea") was at all relevant times, an adult individual residing in Kings County, New York.

9.      Plaintiff Pedro Guinea Chavez ("P. Guinea") was at all relevant times, an adult individual residing in Kings County, New York.

10.     Throughout the relevant time period, Plaintiffs performed work for Defendants at their grocery store, Good Food For Less Supermarket, located at 412 East 83rd Street, Brooklyn, New York 11236.

11.     Throughout the relevant time period, Plaintiffs were also required to perform work for Defendants at their wholesale terminal, Foodsaver New York, located at 402 East, 83rd Street, Brooklyn, New York 11236.

3

12.     Throughout the relevant time period, on a daily basis Plaintiffs handled items manufactured and purchased from out of state, including cleaning supplies, processed foods, produce, meat and poultry.

13.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and their written consent forms are attached hereto and incorporated by reference.

**Defendants:**

14.     Good Food For Less, LLC is an active New York Corporation doing business as "Good Food For Less Supermarket" with its principal place of business at 412 East 83rd Street, Brooklyn, New York 11236.

15.     According to the New York State Department of State, Division of Corporations, Good Food For Less, LLC was registered on July 19, 2011.

16.     Foodsaver New York, Inc. is an active New York Corporation doing business as "Foodsaver New York" with its principal place of business at 402 East 83rd Street, Brooklyn, New York 11236.

17.     According to the New York State Department of State, Division of Corporations, Foodsaver New York, Inc., was registered on March 27, 1996.

18.     Good Food For Less, Inc. and Foodsaver New York, Inc., are hereinafter referred to collectively as the "Corporate Defendants".

19.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiffs.

20.     At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

4

21.    Upon information and belief, Defendant Allan Tucker ("A. Tucker") is an owner and operator of the Corporate Defendants who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

22.    Upon information and belief, Defendant Orin Arthur Tucker ("O. Tucker") is an owner and operator of the Corporate Defendants who set the Corporate Defendants' payroll policies, including the unlawful practices complained of herein, and appears in the New York State Department of State, Division of Corporations, as the registered agent for Foodsaver New York, Inc.

23.    The defendants listed in paragraphs 21 and 22 are hereinafter referred to collectively as the "Individual Defendants." The Individual Defendants and the Corporate Defendants are hereinafter referred to collectively as the "Defendants."

24.    The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed Good Food For Less Supermarket and Foodsaver New York, by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiffs.

25.    The Individual Defendants jointly employed Plaintiffs, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

26.    The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiffs and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder,

and are jointly and severally liable with the Corporate Defendants.

27.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiffs and each of the Collective Action members within the meaning of the FLSA.

29.     At all relevant times, Plaintiffs, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

30.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

31.     All actions and omissions described in this complaint were made by Defendants directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiffs bring their First and Second Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants at any time since September 2, 2017 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Good Food For Less Supermarket located at 412 East 83rd Street, Brooklyn, New York 11236 and/or Foodsaver New York located at 402 East 83rd Street, Brooklyn, New York 11236 (the "Collective Action Members").

33.     A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime

premiums for work performed in excess of forty (40) hours each week.  As a result of these policies, Plaintiffs and the Collective Action Members did not receive the legally required minimum wage or overtime premium payments.

34.    Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

35.    Pursuant to the NYLL, Plaintiffs bring their Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> All individuals employed by Defendants in New York at any time since September 2, 2014 and throughout the entry of judgment in this case (the "Class Period") who worked as non-management employees at Good Food For Less Supermarket located at 412 East 83rd Street, Brooklyn, New York 11236 and/or Foodsaver New York located at 402 East 83rd Street, Brooklyn, New York 11236 (the "Class Members").

36.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

37.    The Class Members are so numerous that joinder of all members is impracticable. Although the precise number of Class Members is unknown to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

38.    Upon information and belief, there are in excess of forty (40) Class Members.

39.    The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not

7

limited to:

a.  whether Defendants employed Plaintiffs and the Class Members within the meaning of the NYLL;

b.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members at least minimum wage for all hours worked each workweek;

c.  whether Defendants failed and/or refused to pay Plaintiffs and the Class Members overtime premiums when they worked more than forty (40) hours in a given workweek;

d.  whether Defendants failed to pay Plaintiffs and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

e.  whether Defendants failed to provide Plaintiffs and the Class Members with a proper wage notice at the beginning of their employment and/or on February 1 of each year, as required by the NYLL;

f.  whether Defendants failed to provide Plaintiffs and the Class Members with wage statements with each payment of wages, as required by the NYLL;

g.  whether Defendants' failure to properly pay Plaintiffs and the Class Members lacked a good faith basis; and

h.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

40.    The answers to these questions would drive resolution of the litigation.  If a judge and/or jury agrees with Plaintiffs on these issues, Defendants would be liable to all Class Members for their NYLL wage and hour violations.

41.    The Plaintiffs' claims are typical of the Class Members' claims. The Plaintiffs, like all Class Members, are or were employees of Defendants who work or worked for Defendants pursuant to their corporate policies. The Plaintiffs, like all Class Members, were, *inter alia*, not paid minimum wage for all hours worked, were not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, were not paid spread-of-hours premiums when working a shift of ten (10) or more hours or a split shift, were not provided with wage notices on the date they were hired or on February 1 of each subsequent year or when their wage rate(s) changed, and were not provided with wage statements with each payment of wages. If Defendants are liable to the Plaintiffs for the claims enumerated in this Complaint, they are also liable to all Class Members.

42.    The Plaintiffs and their Counsel will fairly and adequately represent the Class. There are no conflicts between the Plaintiffs and the Class Members, and the Plaintiffs bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

43.    Plaintiffs' counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

44.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45.    Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendant.  The individual members of the class have no interest or capacity to bring separate actions; Plaintiffs are unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Wholesale Food and Supermarket Businesses**

46.     At all relevant times, Defendants have been in the food wholesale distribution and grocery store business.

47.     Owned by Defendants since in or around 1996, since that time, Foodsaver New York has become one of the largest wholesale food distributors in the New York area.

48.     According to the Foodsaver New York webpage, *"...FOODSAVER is a wholesale cash and carry food service distributor where you'll find quality products at low prices... Foodsaver New York opened in 1996 and its located in Carnarsie Brooklyn across from the Brooklyn Terminal...With the continuous loyalty of our customers it allowed us to grow into one of the largest wholesale distributors of New York..."* (https://www.foodsaverny.com/).

49.     According to the Foodsaver New York webpage, Defendant O. Tucker is listed as Foodsaver New York's Chief Executive Officer, and Defendant A. Tucker is listed as the as General Manager. (*See* https://www.foodsaverny.com/new-page).

50.     Upon information and belief, Foodsaver New York also operates under the name "Terminal Wholesale Seafood," and is estimated to generate $25 million in annual revenues. (*See* http://www.buzzfile.com/business/Terminal-Wholesale-Seafood-718-209-9300).

51.     Upon information and belief, the Individual Defendants have owned, operated and managed Foodsaver New York and Good Food For Less Supermarket throughout the relevant time period.

52.     Upon information and belief, the Individual Defendants are a constant presence at the Good Food For Less Supermarket location, where they manage the operations of the supermarket and take an active role in ensuring that the store is run in accordance with their

procedures and policies.

53.     Upon information and belief, Defendant A. Tucker is a daily presence at the Good Food For Less Supermarket location, where he supervises the work of the employees, hires and fires employees, provides orders to employees, resolves issues among employees, takes care of vendors and customers at the supermarket, is in charge of paying employees, and in general manages the day-to-day operations of the supermarket.

54.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at Good Food For Less Supermarket and Foodsaver New York, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

55.     Upon information and belief, at all times relevant, Defendants applied the same employment policies, practices and procedures, including the unlawful policies complained of herein, to all non-management employees who have worked at Good Food For Less Supermarket and Foodsaver New York .

**Plaintiffs' Work for Defendants**

56.     **Plaintiff Miguel Guinea Velasquez** worked for Defendants as a general grocery employee, butcher and butcher's assistant in the meat department from in or around August 2018 through in or around May 2020 (the "M. Guinea Employment Period").

57.     On a regular basis – i.e., at least once every week or two weeks – Defendants required Plaintiff M. Guinea to work as a butcher and general supermarket employee at Foodsaver New York, in order to cover for absent employees at that location. On the instances when Plaintiff M. Guinea was required to work at Foodsaver New York, his work schedule and pay remained the same as when he worked at Good Food For Less Supermarket.

58.     Throughout the M. Guinea Employment Period, M. Guinea's duties included, but were not limited to, handling, deboning, trimming, grinding, cutting, packaging, weighing, labeling, and pricing poultry and red meat, stocking products, cleaning the area assigned for his work, creating displays in the meat department area/counters and sanitation of all areas at the end of his shifts.

59.     Throughout the M. Guinea Employment Period, M. Guinea typically worked six (6) days per week, with most Wednesdays off.  During the entire M. Guinea Employment Period, M. Guinea was required to work Mondays through Fridays, from approximately 7:00 am to approximately 4:00 pm, and sometimes later, and Sundays, from approximately 7:00 am to approximately 5:00 pm, and sometimes later, for a total of approximately fifty-eight (58) hours per week.

60.     Due to the nature of work Plaintiff M. Guinea performed at Defendants' supermarket, whereby he was responsible for handling and cutting animal carcasses, he was required to arrive approximately fifteen (15) minutes prior the start of his shift to change his clothes before clocking-in. Similarly, at the end of his shift, M. Guinea was required to clock-out prior to changing out of his soiled clothes, which took him another at least fifteen (15) minutes of time off-the-clock.

61.     Throughout the M. Guinea Employment Period, M. Guinea typically was not able to take more than a ten (10) to fifteen (15) minute break during the course of his shifts. Despite this, Plaintiff M. Guinea was informed by Defendants that they would deduct thirty (30) minutes of his time, daily, for the purported meal period.

62.     Throughout the M. Guinea Employment Period, Plaintiff M. Guinea was paid a fixed salary in the amount of seven hundred and fifty dollars ($750.00) per week, for all hours

worked, including those beyond forty (40) in a given workweek.

63.     Despite the fact that M. Guinea was paid a fixed salary which did not fluctuate based on the hours that he worked each week, during the course of the M. Guinea Employment Period, Plaintiff M. Guinea was required to punch-in and punch-out four (4) times each day – i.e., punch in at the start of the shift, punch out at the start of his lunch break, punch back in after his lunch break, and punch out at the end of his shift – in a computerized system installed at Defendants' supermarket.

64.     Throughout the M. Guinea Employment Period, Plaintiff M. Guinea received his wages entirely in cash.  He did not receive a paystub, wage statement, or any other document with his payment of wages.

65.     Approximately every three (3) weeks, in order to receive his cash wages, M. Guinea was required to sign a document that he was not able to fully read because it was often covered by other documents and he was rushed to sign it by his supervisors, and the content of which was not explained by Defendants. The only information Plaintiff M. Guinea was sometimes able to discern from that document was that it included the date he was receiving the cash payment, the number of hours worked during that pay period, and that it had a space to write his signature.

66.     At no time during the M. Guinea Employment Period did M. Guinea receive a wage notice as required by the NYLL, setting forth information such as his regular and overtime hourly rates, any deductions taken by Defendants, and contact information of his employer.

67.     **Plaintiff Pedro Guinea Chavez** worked for Defendants as a general grocery employee and butcher from on or about January 5, 2019 to on or about May 1, 2020 (the "P. Guinea Employment Period").

68.     At least once per month, Plaintiff P. Guinea was required by Defendants to work

as a butcher and general supermarket employee at Foodsaver New York, in order to cover for absent employees at that location. On the instances when Plaintiff P. Guinea was required by Defendants to work at Foodsaver New York, his work schedule and pay remained the same as when he worked at Good Food For Less Supermarket.

69.     Throughout the P. Guinea Employment Period, P. Guinea's duties included, but were not limited to, handling, deboning, trimming, grinding, cutting, packaging, weighing, labeling, and pricing poultry and red meat, stocking products, receiving deliveries of meat from refrigerated trucks, cleaning the area assigned for his work, creating displays in the meat department area/counters, sometimes taking care of customers at the counter area, and sanitizing of all areas at the end of his shifts.

70.     Throughout the P. Guinea Employment Period, P. Guinea typically worked six (6) days per week with most Mondays off. During the entire P. Guinea Employment period, each day that P. Guinea worked, P. Guinea was required to work from approximately 7:00 am to between approximately 4:00 pm and 4:30 pm, for a total of approximately fifty-seven (57) to sixty (60) hours per week.

71.     Due to the nature of work Plaintiff P. Guinea performed at Defendants' supermarket, whereby he was responsible for handling and cutting animal carcasses, he was required to arrive approximately fifteen (15) minutes prior the start of his shift to change his clothes before clocking-in. Similarly, at the end of his shift, P. Guinea was required to clock-out prior to changing out of his soiled clothes, which took him another at least fifteen (15) minutes of time off-the-clock.

72.     Throughout P. Guinea Employment Period, Plaintiff P. Guinea was paid a fixed salary in the amount of seven hundred dollars ($700.00) per week, for all hours worked, including

those beyond forty (40) in a given workweek.

73.    Despite the fact that P. Guinea was paid a fixed salary which did not fluctuate based on the hours that he worked each week, during the course of the P. Guinea Employment Period, P. Guinea was required to punch-in and punch-out four (4) times each day – i.e., punch in at the start of the shift, punch out at the start of his lunch break, punch back in after his lunch break, and punch out at the end of his shift – in a computerized system installed at Defendants' supermarket.

74.    Throughout the P. Guinea Employment Period, Plaintiff P. Guinea received his wages entirely in cash.  He did not receive a paystub, wage statement, or any other document with his payment of wages.

75.    Approximately every two (2) or three (3) weeks, in order to receive his cash wages, P. Guinea was required to sign a document that he was not able to fully read because it was often covered by other documents and he was rushed to sign it by his supervisors, and the content of which was not explained by Defendants. The only information Plaintiff P. Guinea was sometimes able to discern from that document was that it included the date he was receiving the cash payment, the number of hours worked during that pay period, and that it had a space to write his signature.

76.    At no time during the P. Guinea Employment Period did P. Guinea receive a wage notice as required by the NYLL, setting forth information such as his regular and overtime hourly rates, any deductions taken by Defendants, and contact information of his employer.

77.    Based on the number of hours that they worked and their low weekly salary amounts, during their respective employment periods, Plaintiffs M. Guinea and P. Guinea were not paid the legally-required minimum wage for large employers for all hours worked during their employment periods.

78.    Throughout their respective employment periods, Plaintiffs M. Guinea and P.

Guinea were not paid overtime premiums of one and one-half (1.5) times their regular hourly rate for hours worked over forty (40) each workweek.

79.    Throughout their respective employment periods, although Plaintiffs M. Guinea and P. Guinea typically worked a spread of more than ten (10) hours per day and/or split shifts, they did not receive spread-of-hours premiums equal to an additional hour at the applicable minimum wage for such days.

80.    Throughout their respective employment periods, Plaintiffs M. Guinea and P. Guinea were not provided with wage notices at hiring, by February 1 of each year, or when their wage rate(s) changed, or proper wage statements with their wage payments each week.

**Defendants' Unlawful Corporate Policies**

81.    Plaintiffs and the Collective and Class Action Members were paid by the same corporate policies of Defendants, including failing to pay minimum wage, overtime premiums, spread-of-hours premiums, and failing to provide wage statements or wage notices.

82.    Plaintiffs have spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked.  Defendants' failure to pay Plaintiffs the legally-required minimum wage for all hours worked was a corporate policy of Defendants which applied to their non-management employees throughout the Class Period.

83.    Plaintiffs have spoken with other employees of Defendants who were similarly paid a fixed weekly salary for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiffs overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week was a corporate policy of Defendants which applied to all non-management employees throughout the Class Period.

84.     Despite the fact that Plaintiffs and the Class Action Members often worked shifts of ten (10) hours or more, Plaintiffs and Class Members were not paid spread-of-hours premiums consisting of one (1) extra hour of minimum wage for each day when they worked in excess of ten (10) hours per day.

85.     Defendants' policy of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

86.     Defendants failed to provide Plaintiffs and the Class Members with wage notices at the time of their hire, annually by February 1 of each year, and/or when their wage rate(s) changed.

87.     Defendants failed to provide Plaintiffs and the Class Members with wage statements or paystubs with each payment of wages and in fact did not provide any documentation with Plaintiffs' wages.

88.     Throughout the Class Period and, upon information and belief, Defendants likewise employed other individuals like Plaintiffs in positions that require little skill and no capital investment.

89.     Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiffs and the Collective Action Members)

90.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

91.     By failing to pay minimum wage for all hours worked Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215 (a)(2).

92.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

93.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT-UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and Collective Action Members)

94.     Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have

violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

96.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

97.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon.  Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
#### (Brought on Behalf of Plaintiffs and Class Members)

98.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

99.     Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

100.    Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of Plaintiffs and Class Members)

101.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

102.    Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

103.    Defendants' failure to pay overtime premium compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of Plaintiffs and Class Members)

104.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105.    Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one (1) hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per

day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

106.    Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE**
**(Brought on Behalf of Plaintiffs and Class Members)**

107.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

108.    Defendants have willfully failed to supply Plaintiffs and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiffs and the Class Members as their primary language, containing Plaintiffs' and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

109.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiffs and the Class Members)

110.    Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

111.    Defendants have willfully failed to supply Plaintiffs and the Class Members a proper wage statement as required by Article 6, § 195(3).

112.    Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to

all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c. An order tolling the statute of limitations;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of compensatory damages as a result of the Defendants' willful failure to pay minimum wages and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h. An award of compensatory damages as a result of the Defendants' failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i. An award of liquidated and/or punitive damages as a result of the Defendants' willful

failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

j.  An award of fifty dollars ($50.00) per Plaintiffs and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-b);

k.  An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

l.  An award of prejudgment and post-judgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      September 2, 2020

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____

Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiffs and the putative
FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Good Food For Less, LLC and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____          Miguel ernesto Guinea
Signature                                       Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Good Food For Less, LLC y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____          Miguel ernesto Guinea
Firma                                          Nombre Escrito


This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Good Food For Less, LLC and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_Pedro Guinea Chavez_
Signature

_Pedro Guinea chavez_
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Good Food For Less, LLC y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios mínimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentación de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que, si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_Pedro_
Firma

_Pedro Guinea chavez_
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.